## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOSEPH EUGENE EDWARDS                    :

    Plaintiff                                   :

    v                                           :        Civil Action No. DKC-06-1406

WARDEN                                   :

    Defendant                                   :
                        o0o

### MEMORANDUM

Pursuant to this court's Order of July 19, 2006, the finance officer at Baltimore County Detention Center (BCDC) has provided an account statement for Plaintiff's inmate account. Paper No. 9. The information provided indicates a six-month average deposits of $4.84. *Id.* Although the Order requiring the statement specified that it should reflect a six-month average balance, that information was not provided.[1] Thus, Plaintiff's Motion to Proceed In Forma Pauperis will be granted.

Plaintiff was directed to supplement his Complaint on June 12, 2006. Paper No. 2. On June 19, 2006, Plaintiff filed a supplemental Complaint which names only the Warden as a defendant and alleges: (1) disciplinary segregation inmates at BCDC are allowed only four walks per week, as opposed to a walk every day; (2) personal hygiene items may not be purchased by disciplinary segregation inmates and they are required to use items provided by BCDC which are not enough to permit regular hygiene practices; (3) only five envelopes and three sheets of paper per week are provided to inmates on disciplinary segregation, preventing inmates the opportunity to write to their families or perform "law work;" and (4) inmates are required to sleep on the dusty floor which is

---

[1] The average money spent that is provided does not include a calculation of the average balance.

dusty and they are not permitted to sweep the cell.  Paper No. 3 at p. 4.  Plaintiff states that he could

have gotten sick from sleeping on a dirty floor and that the hygiene products he was provided caused

his skin to break out.  *Id*.  He asserts that he is entitled to unspecified monetary damages for

violation of his constitutional rights.  *Id*.

In order to state a claim for unconstitutional conditions of confinement, Plaintiff must allege

and prove conditions which "deprive inmates of the minimal civilized measure of life's necessities."

*Rhodes v. Chapman*, 452 U. S. 337, 347 (1981).   Conditions which are merely restrictive or even

harsh, "are part of the penalty that criminal offenders pay for their offenses against society."  *Id*.

> In order to establish the imposition of cruel and unusual punishment,
> a prisoner must prove two elements - that 'the deprivation of [a] basic
> human need was *objectively* sufficiently serious,' and that
> '*subjectively* the officials acted with a sufficiently culpable state of
> mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).  The

constitutional protections afforded to a pre-trial detainee as provided by the Fourteenth Amendment

are co-extensive with those provided by the Eighth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520,

535 (1979).  "Due process rights of a pretrial detainee are at least as great as the eighth amendment

protections available to the convicted prisoner."  *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.

1992) *citing Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988).   While Plaintiff's claims are

descriptive of uncomfortable and inconvenient conditions of confinement, they fall far short of cruel

and unusual conditions of confinement required for a finding of a constitutional violation.  First,

Plaintiff has alleged no substantial injury resulting from the alleged conditions.  Secondly, none of

the claims describe deprivation of a basic human need that is objectively serious.

To the extent that Plaintiff asserts a claim that the lack of writing materials deprives him of

access to courts, the claim is deficient.  Prisoners have a constitutionally protected right of access

to the courts.  *See Bounds v. Smith*, 430 U. S. 817, 821 (1977).  However:

> *Bounds* does not guarantee inmates the wherewithal to transform
> themselves into litigating engines capable of filing everything from
> shareholder derivative actions to slip-and-fall claims.  The tools it
> requires to be provided are those that the inmates need in order to
> attack their sentences, directly or collaterally, and in order to
> challenge the conditions of their confinement.  Impairment of any
> other litigating capacity is simply one of the incidental (and perfectly
> constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access

to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to

sentences or conditions of confinement before the courts."  *O'Dell v. Netherland*, 112 F. 3d 773, 776

(4th Cir. 1997),  *quoting Lewis*, 518 U.S. at 355.  "The requirement that an inmate alleging a

violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a

constitutional principle that prevents courts of law from undertaking tasks assigned to the political

branches."  *Lewis*, 518 U.S. at 349.  Plaintiff claims that while he was on disciplinary segregation,

he was only provided limited amounts of paper and envelopes.  There is no allegation that he was

deprived of writing materials once removed from disciplinary segregation, nor is there an allegation

that he missed a filing deadline or was otherwise harmed by the temporary limitation on paper and

envelopes.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the

court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  The instant Complaint fails

to state a claim upon which relief may be granted and shall be dismissed.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  The instant case is the first filed by Plaintiff that has been dismissed for failure to state a claim upon which relief may be granted.

A separate Order follows.


____8/10/06_____                      _____/s/_____
Date                                     DEBORAH K.CHASANOW
                                         United States District Judge

4